UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| LAW OFFICES OF SNIDER AND ASSOCIATES, LLC<br><br>      Plaintiff,<br><br>      v.<br><br>MARTHA N. JOHNSON, ADMINISTRATOR U.S. GENERAL SERVICES ADMINISTRATION<br><br>      Defendant. | Civil Action No.: 12-cv-0098 (CKK) |

## ANSWER OF DEFENDANT

COMES NOW Defendant, Daniel M. Tangherlini, Acting Administrator U.S. General Services Administration, ("Defendant"), through undersigned counsel, and hereby submits the following Answer to Plaintiff's Complaint:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6).

### SECOND DEFENSE

Defendant denies each and every allegation of the Complaint not expressly admitted in its Answer. Defendant respectfully requests and reserves the right to amend, alter and supplement the defenses contained in the Answer as the facts and circumstances giving rise to the Complaint become known to it through the course of the litigation.

In response to the numbered paragraphs of the complaint, Defendant admits, denies or otherwise avers as follows:

## COMPLAINT

1. The allegations contained in Paragraph 1 constitute conclusions of law to which no response is required. To the extent these allegations may be deemed allegations of fact, Defendant denies the allegations.

2. The allegations contained in Paragraph 2 constitute conclusions of law to which no response is required. To the extent these allegations may be deemed allegations of fact, Defendant denies the allegations.

## PARTIES

3. Defendant admits that the Law Offices of Snider and Associates, LLC requested documents in the instant action. Defendant denies the remaining allegations contained in Paragraph 3 for lack of knowledge or information sufficient to form a belief as to their truth.

4. Defendant admits that the General Services Administration (GSA) has possession of some of the records requested. The subject matter of the records in GSA's possession is the responsibility of the U.S. Office of Personnel Management (OPM). GSA was required to consult with OPM prior to any response pursuant to a request in accordance with the Freedom of Information Act. In addition, Martha N. Johnson is no longer the Administrator of GSA. Daniel M. Tangherlini is the Acting Administrator, so the record, including the caption of the case, should be re-titled to reflect that change.

## STATEMENT OF FACTS

5. Defendant admits the allegations contained in Paragraph 5.

6. Defendant admits the allegations contained in Paragraph 6.

7. The allegations contained in Paragraph 7 constitute conclusions of law to which no response is required. To the extent these allegations may be deemed allegations of fact,

Defendant denies the allegations.

8. Defendant denies the allegations contained in Paragraph 8.

9. The allegations contained in Paragraph 9 constitute conclusions of law to which no response is required. To the extent these allegations may be deemed allegations of fact, Defendant denies the allegations.

10. Plaintiff's Complaint does not include a Paragraph 10 for which a response is required.

### CAUSE OF ACTION

11. Defendant reincorporates and realleges its answers to Paragraphs 1-9.

12. The allegations contained in Paragraph 12 constitute conclusions of law to which no response is required. To the extent these allegations may be deemed allegations of fact, Defendant denies the allegations.

13. The allegations contained in Paragraph 13 constitute conclusions of law to which no response is required. To the extent these allegations may be deemed allegations of fact, Defendant denies the allegations.

14. The allegations contained in Paragraph 14 constitute conclusions of law to which no response is required. To the extent these allegations may be deemed allegations of fact, Defendant denies the allegations.

15. The allegations contained in Paragraph 15 constitute conclusions of law to which no response is required. To the extent these allegations may be deemed allegations of fact, Defendant denies the allegations.

**PRAYER FOR RELIEF**

The remaining paragraphs constitute Plaintiff's claims for relief, to which no response is necessary. To the extent a response is deemed required, Defendant denies that Plaintiff is entitled to any relief whatsoever.

Dated:  April 24, 2012

        Respectfully Submitted,

        RONALD C. MACHEN JR., D.C. BAR#447889
        United States Attorney
        for the District of Columbia

        DANIEL F. VAN HORN, D.C. Bar #924092
        Acting Civil Chief

        By: */s/ Carl E. Ross*
        CARL EZEKIEL ROSS, D.C. Bar #492441
        Assistant United States Attorney
        Civil Division
        555 4th Street, N.W.
        Washington, D.C. 20530
        Tel:  (202) 305-4851
        Fax:  (202) 514-8780

        Attorneys for Defendant